### IN RE LAURENCE'S ESTATE.

Decided May 14, 1903.

**Estates of Decedents—Widow's Allowance for One Year—Lien Claim.**

Since the statute makes the allowance for the widow's support for one year payable in preference to all other debts and charges against the estate except funeral expenses and expenses of last sickness, a creditor of the estate can not object to such allowance on the ground that the only proceeds of the estate that could be used for its payment was money realized from a sale of certain property on which he had a landlord's lien. Rev. Stats., arts. 2037, 2044, 2069.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Baker, Botts, Baker & Lovett,* for appellant.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the District Court of Harris County for the Fifty-fifth Judicial District on appeal from the County Court ordering that the sum of $205 in the hands of the administrator of the estate of R. E. Lawrence should be allowed the widow of the deceased for one year's support of herself and child, and that the same should be paid to the widow. The entire property of the estate consisted of money realized from the sale of property in a temporary administration, amounting to $505. Of this money the sum of $300 was the proceeds of the sale of bar fixtures against which the Houston Ice and Brewing Company held vendor's lien notes for a larger amount; and the sum of $205 was the proceeds of the sale of a stock of wines and liquors upon which the Houston Ice and Brewing Company claimed a landlord's lien for $125. The Houston Ice and Brewing Company filed objections in the County Court to the application of the widow for an allowance and any order directing the payment of said allowance, since the effect of such order would be to classify the allowance as a claim above all other claims then filed or that might be thereafter filed against said estate. The statute makes the allowance

32 Civil—30.

payable in preference to all other debts, or charges against the estate except funeral expenses and expenses of last sickness, if these are presented within sixty days. Rev. Stats., arts. 2044, 2069. It was not intended that the allowance should be classified as a claim, but that it should be immediately paid to meet the wants of the widow and minor children. Arts. 2037 et seq. The contestant has shown no right to complain, as the allowance was payable in preference to any claim that it might have as a landlord. It does not appear that any claim had been presented for funeral expenses and expenses of last sickness, which alone could have precedence of the allowance. There was no error in the judgment, and it will be affirmed.

*Affirmed.*

Writ of error refused.